## OLESON VS. FLOM.

*Reversal of Judgment.*

1. Where the complaint states a cause of action, and there was evidence tending to prove its material averments, the verdict will not be disturbed by this court, although there was a preponderance of evidence against it.
2. A judgment will not be reversed for inaccuracies in the instructions given, by which the appellant could not have been injured.

APPEAL from the Circuit Court for *Dane* County.

Action to recover damages for personal injuries. The complaint alleges that the plaintiff was a guest at defendant's hotel in Madison, and that while such guest, and on a day specified, "the said defendant, without any cause or provocation, unlawfully, rudely and violently seized hold of the person of this plaintiff, and then and there, with great force and violence, threw this plaintiff on the floor in a public bar room in said house, whereby and by which means this plaintiff's right leg was broken between the knee and ankle; and that said injury was caused as aforesaid without any fault or negligence on the part of this plaintiff."

In addition to the general denial, the answer contains the following defense: "That the injury of the plaintiff aforesaid was caused wholly by his own fault, and by his producing and bringing about a scuffle, in which, by accident, and without design or fault on the part of anybody but the plaintiff, he suffered the injury complained of."

On the trial, no instructions to the jury were asked on behalf of the defendant; but at plaintiff's request the jury were instructed, that if they were satisfied from the evidence that the plaintiff, upon the occasion of the alleged injury, did challenge persons to wrestle with him, nevertheless, if they were also satisfied that such challenge or offer to wrestle was unknown to the defendant, the fact of such challenge having been made was no excuse to the defendant in this action, if

the jury were also satisfied that the defendant "threw the plaintiff to the floor as charged in the complaint, and in so doing caused the breaking of his leg in manner and form and in the way as charged in the complaint;" and, that if they found the plaintiff was so injured, he was entitled to recover.

The judge then proceeded to state to the jury the positions of the respective parties, and stated that of the defendant as follows: "Upon the other hand it is claimed upon the part of the defendant, that the plaintiff took hold of him, requesting him to wrestle, and that they did so by mutual consent, if not expressed in words, by joining in and engaging in an entirely friendly manner; and that, while so engaged, and with no more force or unfairness on his part than usually attends such contests and exhibitions of strength, the plaintiff accidentally received the injury complained of, without fault on the defendant's part, or at least with no more fault upon his part contributing to the injury than there was upon the part of the plaintiff; in other words, that if there was anybody to blame, the plaintiff was as much at fault as he was."

No specific exception was taken to any portion of the charge, except those above quoted. Verdict for the plaintiff; a new trial denied, and judgment entered pursuant to the verdict; and the defendant appealed.

*Wm. F. Vilas,* for the appellant.

*Wm. Welch,* for the respondent.

Lyon, J. 1. It is claimed on behalf of the defendant, that there is no evidence to support the verdict. This claim is not sustained by the record; for the bill of exceptions contains testimony tending to show that, although the plaintiff had challenged others to wrestle with him immediately before he was injured, he did not so challenge the defendant, and that the defendant seized and suddenly threw him, and thus caused the injuries complained of. In other words, the testimony

tends to prove the material allegations of the complaint. Such being the case, the rule is settled that we cannot disturb the judgment, even though there may be a preponderance of evidence against the verdict.

2. The instruction given at the request of the plaintiff seems to have been framed on the hypothesis that there was testimony tending to show that the defendant did not hear the plaintiff challenge others to wrestle with him. We find no such testimony in the bill of exceptions, and the instruction in that particular is probably inaccurate. But the plain purport and meaning of the whole instruction is, that if the material allegations of the complaint are true, the plaintiff is entitled to recover; and so the jurors must have understood it, if they were men of ordinary intelligence. But if the instruction is to be construed critically and literally, it is most favorable to the defendant; for the inference which may be drawn from its langage is, that if the plaintiff's challenge to others was known to the defendant, such challenge is an excuse to the defendant for seizing and throwing the plaintiff,— the instruction being that the challenge was *no* excuse if *unknown* to the defendant. But, of course, the learned circuit judge intended nothing of the kind when he gave the instruction. This is apparent from the qualification contained in the latter part of it: "if the jury are also satisfied  *  *  that the defendant threw the plaintiff to the floor *as charged in the complaint;*" that is to say, if he, "without any cause or provocation, unlawfully, rudely and violently seized hold of the person of the plaintiff, and  *  *  with great force and violence threw him on the floor," and injured him, the defendant is liable for such injury. The whole difficulty in the instruction seems to be that the word "*unknown*" is used therein, when the words "*not given*" should have been used instead. As we understand the instruction, however, it is quite immaterial whether the defendant did or did not hear the plaintiff's challenge to others; for in either case, if the

plaintiff was injured "as charged in the complaint," he is entitled to recover. Hence the inaccuracy complained of is not sufficient to reverse the judgment.

· 3. In the other portion of his charge to which specific exception was taken, we do not understand that the judge stated or attempted to state any rule of law. But if such statement implies (as counsel claim) a proposition of law, we think it is not materially inaccurate. The judge told the jury, in substance, that the defendant claimed he was not liable to respond in damages for the alleged injury, if the plaintiff challenged him to wrestle, or if, without express challenge, they mutually engaged in a friendly contest, and the injury was inflicted without any unfairness on the part of the defendant. The remainder of the statement is to the effect that the defendant claims a further restriction upon his liability, that is, " if anybody was to blame, the plaintiff was as much at fault as he was." Now, had the court instructed the jury that the plaintiff could recover if the defendant was most to blame for the injury, under the facts of the case we do not think it would have been error. The only fault imputed to the defendant is, that he seized the plaintiff and threw him, thus causing the injury, without such challenge or mutual engagement; while the only fault imputed to the plaintiff is, that he gave the challenge, or mutually engaged with the defendant in such contest. Hence there is no balancing of fault or negligence, and such supposed instruction would amount only to this: If the plaintiff challenged the defendant, or if they mutually engaged in a friendly contest of strength, the plaintiff's fault or negligence alone caused the injury, and he cannot recover; otherwise he may recover. And this, we think, is the issue made by the pleadings and evidence.

*By the Court.* — The judgment of the circuit court is affirmed.